ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

**CV 15 - 2268**

**GLASSER, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARQUES MARTIN,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER KELLEY and POLICE OFFICERS
"JOHN DOES 1-5," FICTITIOUS NAMES INTENDED
TO BE POLICE OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY POLICE DEPARTMENT, EACH
INDIVIDUALLY AND AS POLICE OFFICERS OF THE
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
-----------------------------------------------------------------X

Case No.:   **POLLAK, M.J.**

COMPLAINT AND
JURY DEMAND

Plaintiff, MARQUES MARTIN, by and through her attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

1.     This is an action for the wrongful acts of Defendants THE CITY OF NEW YORK. POLICE OFFICE POLICE OFFICERS "JOHN DOES 1-5," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42

-1-

U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

2. Plaintiff, MARQUES MARTIN, alleges that beginning on or about August 1, 2014, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, wrongfully searching the Plaintiff, maliciously prosecuting Plaintiff and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training, instruction and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims and pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant hereto, defendant POLICE OFFICER CHRISTOPHER KELLEY was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief defendant POLICE OFFICER CHRISTOPHER KELLEY was assigned to the 81st Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. Defendant POLICE OFFICERS "JOHN DOES 1-5," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICERS "JOHN DOES 1-5," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 81st precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as

employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER CHRISTOPHER KELLEY and POLICE OFFICERS "JOHN DOES 1-5," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiff intends to discover.

13. At all times relevant hereto, Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, abusive and other unlawful propensities of the officers involved in the violation of civil rights, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

16. At all times relevant to this action, Plaintiff MARQUES MARTIN resided in the County of Kings, State of New York.

-4-

17. On August 1, 2014, at approximately 1:55 A.M., Veronica Smith suffered a physical injury to her ankle as a result of a gun shot wound.

18. a result of the injury, Veronica Smith was transported to Interfaith Hospital in Brooklyn, New York.

19. On August 1, 2014, at approximately 2:00 A.M., Plaintiff was walking at or near the intersection of Fulton Street and Albany Avenue.

20. That Plaintiff, while walking, was tackled by Defendants POLICE OFFICERS "JOHN DOES 1-3," who upon information and belief were plain clothes detectives. That Plaintiff suffered soft tissue injuries as a result of being tackled on the concrete.

21. That Defendants POLICE OFFICERS CHRISTOPHER KELLEY and "JOHN DOE 4" arrived at the scene in a marked police car.

22. That Plaintiff was thoroughly served by POLICE OFFICERS "JOHN DOES 1-3." No contraband or weapons were found on the person of the Plaintiff.

23. That Defendants POLICE OFFICERS "JOHN DOES 1-3" forced the Plaintiff into the back seat of the marked police vehicle.

24. Defendant POLICE OFFICER "JOHN DOE 1" took a picture of the Defendant with his mobile telephone.

25. That POLICE OFFICER "JOHN DOE 1" left the scene and traveled to Interfaith Hospital to show the telephone picture to Veronica Smith.

26. Although unduly suggestive, Veronica Smith advised Defendant POLICE OFFICER "JOHN DOE 1" that the person in the picture on the mobile telephone was not the perpetrator of the crime.

27. During the approximate two hours that Plaintiff was held in the marked police vehicle, Defendants canvassed the surrounding area looking for a gun. Upon information and belief, no gun was recovered from the scene.

28. After approximately two hours of being in the back seat of the marked police vehicle, the Plaintiff was placed in handcuffs and relocated a cell in the 81st Precinct.

29. That Plaintiff was treated by EMTs at the 81st Precinct for his injuries.

30. While at the 81st precinct, Veronica Smith appeared at the location and once again advised the Defendants that the Plaintiff was not the perpetrator of the crime.

31. After a period of many hours the Plaintiff was relocated from the 81st precinct to Kings County Central Booking.

32. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER CHRISTOPHER KELLEY completed arrest paperwork in which he alleged that he was informed by Veronica Smith that the Plaintiff displayed a firearm and did fire a projectile out of the firearm striking Veronica Smith about the ankle.

33. These allegations were false and Defendant POLICE OFFICER CHRISTOPHER KELLEY knew the statements to be false at the time that they were made.

34. Defendant POLICE OFFICER CHRISTOPHER KELLEY forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

35. Defendant POLICE OFFICER CHRISTOPHER KELLEY knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

36. Defendant POLICE OFFICER CHRISTOPHER KELLEY further knew and understood that he was obligated to provide any and all exculpatory information to the KCDA and that he was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

37. The Plaintiff appeared in Court for his arraignment on August 2, 2014 under Docket No.: 2014KN058173.

38. At the arraignment, the Plaintiff filed a cross-grand jury notice.

39. That bail was set on the Plaintiff and the Plaintiff was transported to Riker's Island.

40. That the Kings County District Attorney's Office failed to present a case to the Grand Jury within the CPL § 180.80 period and the Plaintiff was release from custody.

41. That the criminal proceeding was dismissed by motion of the Kings County District Attorney's Office on February 27, 2015.

42. At no time did Defendants have probable cause to seize, detain or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such cause existed.

43. Despite the absence of probable cause and lack of evidence of criminal conduct by the Plaintiff, the Defendants proceeded with his arrest, and did so to increase the arrest statistics for their unit.

44. At no time did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

45. The Defendants actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

46. More precisely, under this policy or plan, NYPD bosses would threaten Officers of the 81st precinct if they did not make their quotas of arrests and stop and frisks. The bosses would also tell their Officer's not to take certain robbery reports in order to manipulate crime statistics. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

47. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

48. In addition, members of the 81st precinct are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the 81st precinct routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

49. The policy or plan kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal Defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

50. That at all relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

51. As a direct and proximate result of the action of the Defendant POLICE OFFICER CHRISTOPHER KELLEY, Plaintiff MARQUES MARTIN suffered severe emotional distress.

52. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff MARQUES MARTIN was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned.

53. Defendant POLICE OFFICER CHRISTOPHER KELLEY acted with malice in arresting Plaintiff MARQUES MARTIN on false charges and causing the Plaintiff to be prosecuted on charges the Defendants know to be false.

54. Defendant POLICE OFFICER CHRISTOPHER KELLEY brought charges against Plaintiff MARQUES MARTIN and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

55. To date, as a direct and proximate result of Defendants actions, Plaintiff MARQUES MARTIN has suffered the loss of his liberty, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

56. As a direct and proximate cause of Defendants actions, Plaintiff MARQUES

MARTIN was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, MALICIOUS PROSECUTION AND FALSE IMPRISONMENT (POLICE OFFICER CHRISTOPHER KELLEY)

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1-55 of this complaint as though fully set forth therein.

58. The actions of Defendant POLICE OFFICER CHRISTOPHER KELLEY, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

59. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

60. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE (Defendant Police Officer "JOHN DOES 1-5")

61. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth therein.

62. On August 1, 2014, the defendants POLICE OFFICERS "JOHN DOE 1-3", without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff such the plaintiff was injured.

63. That the defendants, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

64. By reason of the aforesaid, plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

65. The acts and conduct of defendants POLICE OFFICERS "JOHN DOE 1-3", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment of the United States Constitution an 42 U.S.C Section 1983.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES
(POLICE OFFICERS "JOHN DOES 1-5")

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1-65 of this complaint as though fully set forth therein.

67. That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

68. The actions of Defendants POLICE OFFICERS "JOHN DOE 1-5," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures..

69. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

70. Plaintiff repeats and realleges the allegations contained in paragraphs 1-69 of this complaint and though fully set forth therein.

71. From 2010 through 2014, former Police Officer Adrian Schoolcraft, the Village Voice and the Daily News exposed the corruption in the 81st precinct.

72. Additionally the bosses and members of the 81st precinct retaliated against whistle blower Adrain Schoolcraft, which led to his hospitalization

73. Notwithstanding its awareness of the 81st precinct's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this conduct, the NYPD made no effort to curb, limit, or otherwise prevent this misconduct from continuing.

74. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the 81st Precinct, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

75. This policy has caused the constitutional violation of individual persons generally, and this Plaintiff in particular.

76. By reason thereof, the municipal Defendant has violated 42 U.S.C. § 1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

### FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

77. Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of this complaint and though fully set forth therein.

78. Defendants, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free

exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

79. The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not commit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARQUES MARTIN requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
       April 15, 2015

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100